IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN T. BOUCHARD, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARY SITUATED, | § § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 5:14-cv-1045-OLG |
| v. | § § | **Jury Demanded** |
| DHW OILFIELD SERVICES, LLC, | § § § | |
| *Defendant.* | § | |

## DEFENDANT DHW WELL SERVICE, INC.'S
## FIRST AMENDED ANSWER & AFFIRMATIVE DEFENSES

NOW COMES Defendant DHW Oilfield Services, LLC ("Defendant"), and files this, its First Amended Answer & Affirmative Defenses to Plaintiff's First Amended Complaint and pleads as follows:

## AMENDED ANSWER

As to the statements contained in the summary paragraph of Plaintiff's First Amended Complaint (the "Amended Complaint"), no response is necessary.

1. As to the allegations contained in paragraph 1 of the Amended Complaint, Defendant admits that Plaintiff purports to seek various damages and other forms of relief for alleged violations of the Fair Labor Standards Act ("FLSA"), but Defendant denies that it has violated the FLSA, or that there is otherwise any valid basis for Plaintiff to seek damages or other relief against Defendant. Defendant specifically denies that a class exists or has been certified under the FLSA or otherwise.

2. As to the allegations contained in paragraph 2 of the Amended Complaint, Defendant does not have sufficient knowledge to admit or deny that Plaintiff resides in San Antonio, Texas but admits Plaintiff was employed as a Safety Technician for Defendant.

3. As to the allegations contained in paragraph 3 of the Amended Complaint, Defendant denies it is a corporation organized under the laws of Texas but admits the remaining allegations.  Defendant would clarify it is a limited liability company organized under the laws of Texas.

4. As to the allegations contained in paragraph 4 of the Amended Complaint, Defendant admits that the Court does have subject matter jurisdiction over actions brought under the FLSA, but denies that Plaintiff is entitled to recover on any of his FLSA claims.  Defendant further contends that this Court should dismiss Plaintiff's FLSA claims.

5. Defendant admits the allegations contained in paragraph 5 of the Amended Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Amended Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Amended Complaint.

8. As to the allegations contained in paragraph 8 of the Amended Complaint, Defendant admits it provides well-site and safety services to oil companies and that Safety Technicians perform certain functions related to safety compliance and safety support, but Defendant can neither admit nor deny the remaining allegations in this paragraph.

9. As to the allegations contained in paragraph 9 of the Amended Complaint, Defendant denies it unlawfully withheld overtime compensation from its Safety Technicians,

including Plaintiff.  Defendant can neither admit nor deny the remaining allegations in this paragraph.

10. Defendant denies the allegations contained in paragraph 10 of the Amended Complaint.

To the extent Section V.10. of the Amended Complaint incorporates all preceding paragraphs of the Amended Complaint, Defendant incorporates all preceding paragraphs of its Amended Answer by reference as if set forth *verbatim* herein.

11. As to the allegations contained in paragraph 11 of the Amended Complaint, Defendant admits it is subject to the overtime wage provisions under the FLSA but it denies the remaining allegations contained in paragraph 11.  Specifically, but not by way of limitation, Defendant denies the existence or certification of a putative class.

12. Defendant denies the allegations contained in paragraph 12 of the Amended Complaint.  Specifically, but not by way of limitation, Defendant denies the existence or certification of a putative class.

13. Defendant denies the allegations contained in paragraph 13 of the Amended Complaint.  Specifically, but not by way of limitation, Defendant denies the existence or certification of a putative class.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint. Specifically, but not by way of limitation, Defendant denies the existence or certification of a putative class.

15. Defendant denies the allegations contained in paragraph 15 of the Amended Complaint.

16. As to the allegations contained in paragraph 16 of the Amended Complaint, Defendant denies that it has violated the FLSA, or that there is otherwise any valid basis for Plaintiff to maintain a collective action on behalf of allegedly similarly situated current and former employees against Defendant.

17. Defendant denies the allegations contained in paragraph 17 of the Amended Complaint. Specifically, but not by way of limitation, Defendant denies the existence or certification of a putative class.

18. As to paragraph 18 of the Amended Complaint, containing Plaintiff's Prayer for relief with respect to his purported FLSA claims, Defendant denies that Plaintiff is entitled to any damages or other relief listed anywhere in that paragraph or elsewhere in the Amended Complaint. Specifically, but not by way of limitation, Defendant denies that this case should be certified as a class.

19. Defendant denies each and every allegation not specifically admitted herein.

## **AFFIRMATIVE AND OTHER DEFENSES**

20. The Amended Complaint fails to state claims upon which relief can be granted as provided for under Federal Rule of Civil Procedure 12(b)(6).

21. The Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's work situation was of such a nature that it rendered him exempt from the overtime requirements under the Fair Labor Standards Act and, without assuming the burden of proof where such burden remains with the Plaintiff, Defendant generally invokes all statutory limitations and exemptions applicable to any and all asserted causes of action in this case.

22. The Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to 29 U.S.C. § 255.

23. The Plaintiff's claims are barred in whole or in part because the work performed falls within exemptions, exclusions, exceptions or credits provided for or pursuant to 29 U.S.C. § 207.

24. The Plaintiff's claims are barred, in whole or in part, to the extent he has already been paid for all compensable time under the Fair Labor Standards Act.

25. The actions of Defendant were in good faith conformity with, and/or in reliance upon, legal advice from its attorneys, as well as administrative regulations, orders, rulings, interpretations, and/or practices of the United States Department of Labor and caselaw interpreting employers' obligations under the Fair Labor Standards Act, including 29 U.S.C. § 259(a).  Put otherwise, Defendant asserts that any failure to comply with the Fair Labor Standards Act was not willful, reckless or in bad faith as contemplated under Section 11 of the Portal-to-Portal Act.

26. Without assuming the burden of proof, Defendant states that any alleged violation of the Fair Labor Standards Act, which is denied, was not willful.

27. Without assuming or admitting liability, Defendant is entitled to an offset or credit against any amounts that may ultimately be found to be due.

28. Without assuming or admitting liability, Plaintiff has failed to plead facts with sufficient particularity to support a claim for liquidated damages.

29. Defendant asserts its right to recover attorneys' fees and costs of suit.  Defendant likewise specifically avers that Plaintiff has failed to establish a right to his attorney's fees and expenses under any statutory basis, including not properly meeting the presentment requirement to recover such fees and expenses.

30. The time for which Plaintiff seeks compensation is *de minimis*.

31. Plaintiff's claims are individually and/or collectively barred by the doctrines of waiver, mistake, unclean hands, estoppel, laches, accord and satisfaction, payment and release, statute of frauds, and failure of consideration.

32. Plaintiff's claims are barred due to his respective failure to mitigate or otherwise act to avoid and reduce harm thereby implicating the doctrine of avoidable consequences.

33. Defendant affirmatively pleads that it exercised reasonable care to prevent and promptly correct any alleged pay deficiencies in the workplace and that Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by Defendant or to otherwise avoid harm.

34. Defendant reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate and in compliance with the Court's then-effective scheduling order.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by way of his Amended Complaint and that each and every demand and prayer for relief contained in his Amended Complaint be denied; that Plaintiff's claims be dismissed in their entirety with prejudice to their refiling of same; that Defendant be awarded all costs and fees incurred in the defense of this action; and that the Court grant Defendant all other relief as may be just and proper.

>Respectfully submitted,
>
>**LANGLEY & BANACK, INC.**
>Trinity Plaza II, 9th Floor
>745 East Mulberry
>San Antonio, Texas 78212
>(210) 736-6600 – Telephone
>(210) 735-6889 – Facsimile
>
>BY:   **/s/ Erica E. Valladares**
>          GAYLA CORLEY
>          Attorney-in-Charge
>          State Bar No. 00790505
>          gcorley@langleybanack.com
>          ERICA E. VALLADARES
>          State Bar No. 24045841
>          evalladares@langleybanack.com
>
>**ATTORNEYS FOR DEFENDANT
>DHW WELL SERVICE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a true and correct copy of same to the below-referenced counsel of record:

Lawrence Morales II
Allison Sarah Hartry
The Morales Firm, P.C.
115 East Travis, Suite 1530
San Antonio, Texas 78205

>**/s/ Erica E. Valladares**
>GAYLA CORLEY
>ERICA E. VALLADARES